IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TYIRIS N. JONES,  :
:
       Plaintiff, :
:
v. : Civil Action No. 17-1686-RGA
:
USPS POSTAL SERVICE, et al., :
:
       Defendants. :

Tyiris N. Jones, New Castle, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

January 8 , 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Tyiris N. Jones proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. She commenced this action on November 21, 2017. (D.I. 2).[1] The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

In her basis for jurisdiction, Plaintiff states that she was arrested by a male county officer and a probation officer on the day of her housing inspection. Plaintiff states that the arrest should have been by a female officer, "so offensive touching." (D.I. 2). In her statement of claim, Plaintiff describes several telephone calls she had with USPS employees about four months prior to the date she commenced this action. The calls were made when Plaintiff was trying to locate a package that was never delivered to her. Plaintiff states that Defendant postal inspector Mike actually came to her house instead of proceeding with an investigation of her complaint. Plaintiff also telephoned Joseph at the Federal Trade Commission and the Inspector General.

Plaintiff states that she is behind in her bills and anemic. She "need[s] to be compensated for all the wrong and civil rights that have been violated." (*Id.* at p.6). Plaintiff seeks compensatory damages, a vehicle, vaccinations for herself and her children, and asks that the individuals involved in the matter "do the time of the crime." (*Id.* at p.7).

---

[1] Although the complaint does not refer to a federal statute or laws, it indicates the court has jurisdiction by reason of a federal question. The civil cover sheet refers to "civil rights."

1

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the Court must grant

2

Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The allegations in the Complaint are legally and factually frivolous. As pled, the facts do not rise to constitutional violations and there is no legal basis for Plaintiff's claims. In addition, the Court finds the allegations are conclusory, and somewhat disjointed in that various negative events in Plaintiff's life are recited even though the

3

events appear to be unrelated to one another. Based on the Court's experience and common sense, the Complaint does not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679.

In addition, under the liberal notice pleading standard of Rule 8(a), Plaintiff's complaint fails to allege facts that, if proven, would show personal involvement by many of the defendants. Defendant Shantell is mentioned in the complaint, but only to the extent that Plaintiff spoke to Shantell on the phone, who told Plaintiff that the postmaster was not there. Defendants Dennis and Merceades are not described as having done anything. Postmaster Mike investigated Plaintiff's complaint. His actions, as alleged, cannot be considered as violating Plaintiff's civil rights, and give no hint that anything he did could be considered as violating Plaintiff's civil rights. As the Complaint now stands, it does not meet the Third Circuit's standard for a legally adequate civil rights complaint. Accordingly, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

For the reasons discussed, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In addition, the Court finds amendment would be futile.

An appropriate order will be entered.

4